FILED
United States Court of Appeals
Tenth Circuit

June 27, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAMON LEWIS,

Plaintiff-Appellant,

v.

MICHAEL SANDOVAL, an Officer
of the Los Lunas Police Department,
Indivdually; VILLAGE OF LOS
LUNAS, a Municipal entity organized
under the laws of the State of New
Mexico,

Defendants-Appellees.

No. 10-2075
(D.C. No. 1:09-CV-00136-KBM-WDS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Damon Lewis appeals the grant of summary judgment based on qualified

immunity to Michael Sandoval, a police officer with the Village of Los Lunas,

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

New Mexico. Lewis claims that disputed facts preclude summary judgment in this case. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

### *Background*

In April 2007, Lewis was driving home from work. Sandoval had been operating a radar unit and detected Lewis traveling forty-nine miles per hour in a thirty-miles-per-hour zone. Sandoval pulled behind Lewis in his marked patrol car and turned on his emergency overhead lights, but Lewis did not stop. Sandoval activated his police siren as well, but still Lewis drove on. With Sandoval in pursuit, Lewis continued through a residential area, accelerating down multiple streets until he arrived home and got out of his truck. Sandoval pulled in the driveway behind him and ordered him back into the truck. Other officers soon arrived, and Lewis was arrested for eluding and operating without insurance. He was taken to the police station, booked, and released later that day. The charges were eventually dropped, but a police dispatch recording captured audio of the incident.

Lewis subsequently initiated this civil rights action, flatly denying that he was speeding or saw Sandoval while driving home. He therefore claimed Sandoval lacked probable cause to arrest him or initiate any criminal prosecution. He also claimed Sandoval used excessive force by over-tightening his handcuffs and making him wait ten minutes before loosening the handcuffs at the police

station.  Based on these alleged constitutional violations, Lewis lodged municipal liability claims against the Village of Los Lunas as well.

Sandoval moved for summary judgment on qualified immunity grounds, and a magistrate judge acting on the consent of the parties granted his request. The magistrate judge concluded the arrest was supported by probable cause, Sandoval acted reasonably in handcuffing Lewis, and the claims against the Village of Los Lunas were unsustainable absent any constitutional violation. Lewis insisted there could be no probable cause because he was neither speeding nor eluding, but the magistrate judge rejected his contention as insufficient to contradict evidence in the record.  Lewis now appeals, arguing that the magistrate judge misapplied our summary judgment standard by rejecting his factual account of the incident.

### *Discussion*

We review the grant of summary judgment based on qualified immunity de novo, using the same standard as the district court.  *Thomson v. Salt Lake County*, 584 F.3d 1304, 1311 (10th Cir. 2009).  When a defendant raises the defense of qualified immunity, the plaintiff must demonstrate (1) the defendant violated a constitutional right and (2) the right was clearly established.  *Id.* at 1312.  We choose which of these two prongs to address first, viewing the facts in the light most favorable to the non-moving party.  *Lundstrom v. Romero*, 616 F.3d 1108, 1118 (10th Cir. 2010).  As we recently explained,

-3-

> [w]e review whether, under the plaintiff's version of the facts, defendants violated clearly established law. In making this determination, we must scrupulously avoid second-guessing the district court's determinations regarding whether plaintiff has presented evidence sufficient to survive summary judgment. Rather, we review only whether defendants' conduct, as alleged by plaintiff, violated clearly established law.

*Howards v. McLaughlin*, 634 F.3d 1131, 1139 (10th Cir. 2011) (quotation and brackets omitted).

Based on this standard, Lewis contends the magistrate judge was obliged to accept the facts as he alleged them to be. At the very least, says Lewis, summary judgment was foreclosed by a number of material fact issues, particularly whether he was speeding or saw Sandoval initiate the stop. We agree that Lewis was entitled to a favorable construction of the record, but we need not resolve these alleged factual disputes because the dispositive inquiry is simply whether Sandoval had probable cause to initiate the stop and effect the arrest. And that question turns solely on whether Sandoval held an objectively reasonable belief that Lewis was speeding and eluding, even if he was not. *See United States v. Herrera*, 444 F.3d 1238, 1246 (10th Cir. 2006) ("This court has consistently held that an officer's mistake of fact . . . may support probable cause . . . necessary to justify a traffic stop, provided the officer's mistake of fact was objectively reasonable." (quotation omitted)).

Here, Sandoval clearly had an objectively reasonable belief that Lewis was speeding because the radar unit detected Lewis traveling at forty-nine miles per

hour in a thirty-miles-per-hour zone. Sandoval was qualified to operate the radar unit and testified that the device was properly calibrated and accurate. These circumstances, taken in the light most favorable to Lewis, establish probable cause to initiate the stop. *See United States v. Ludwig*, ___ F.3d ___, 2011 WL 1533520, at *2 (10th Cir. Apr. 22, 2011) ("The decision to stop an automobile is reasonable, and so consistent with the Fourth Amendment, where the police have probable cause to believe that a traffic violation has occurred." (quotation omitted)). Lewis's failure to stop, to which he freely admits, then gave rise to probable cause to effect the arrest for eluding. *See York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008) ("Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." (quotation omitted)).

Additionally, Sandoval's reasonable belief was corroborated by Andrew Garcia, an off-duty police officer who happened to be standing along the chase route when Lewis drove past. According to Garcia, a light colored Dodge truck drove recklessly in the middle of the road at approximately forty-five to fifty miles-per-hour. Garcia somehow missed Sandoval, but thirty to sixty seconds later, he flagged down Officer Paul Gomez, who was en route to provide back-up. Garcia told Gomez he had just seen a white-colored pickup go through the

neighborhood at a high rate of speed. Lewis contends this testimony cannot be used as a post-hoc justification for the arrest, but we have explained that probable cause existed before the arrest, based on Sandoval's independent observations.

Still, Lewis insists summary judgment is foreclosed by other disputed facts. He refers us to the statement of probable cause, in which Sandoval indicated that Garcia witnessed him pursuing Lewis. This is false, says Lewis, because Garcia testified that he never actually saw a police cruiser in immediate pursuit (with lights and siren activated) of the truck. And given this factual dispute, which we must construe in his favor, Lewis contends we must accept that there was no pursuit at all. *See* Aplt. Br. at 12.

Lewis's argument goes too far. Garcia's failure to observe Sandoval does not establish there was no pursuit; it establishes that Garcia did not see Sandoval. And although we might imagine that no pursuit took place, the police dispatch recording unequivocally establishes that Sandoval was, in fact, chasing Lewis. On the recording, the police siren is clearly audible; Lewis is identified as the driver of the truck; and Sandoval remains in contact with dispatch throughout the pursuit until Lewis is taken into custody at his home address. We view the facts as depicted in this recording. *See Scott v. Harris*, 550 U.S. 372, 380-81 (2007); *see also Green v. Post*, 574 F.3d 1294, 1296 n.4 (10th Cir. 2009). Accordingly, there was no constitutional violation, and Sandoval was entitled to qualified immunity on all claims except that alleging excessive force.

-6-

Regarding the excessive force claim, Lewis maintains that a jury could have found a constitutional violation because Sandoval over-tightened the handcuffs and needlessly made him wait before removing them. We evaluate the objective reasonableness of the handcuffing under several non-exclusive factors, including

"[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." *Fisher v. City of Las Cruces*, 584 F.3d 888, 894 (10th Cir. 2009) (quotation omitted). Lewis's arrest for aggravated fleeing, which is a class 4 felony in New Mexico, *see* N.M. Stat. Ann. § 30-22-1.1, certainly qualifies as a sufficiently serious offense to justify the initial handcuffing, particularly where the record reflects the danger posed to the public. Yet even when the initial handcuffing is justifiable, prolonged duration can upset the balance of interests under the Fourth Amendment and render the continued handcuffing unreasonable. *See Fisher*, 584 F.3d at 894. Indeed, "'[i]n some circumstances, unduly tight handcuffing can constitute excessive force where a plaintiff alleges some actual injury from the handcuffing and alleges that an officer ignored a plaintiff's timely complaints (or was otherwise made aware) that the handcuffs were too tight.'" *Vondrak v. City of Las Cruces*, 535 F.3d 1198, 1208-09 (10th Cir. 2008) (quoting *Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007)). Lewis, however, did not complain of any discomfort until

-7-

he arrived at the police station. At that point, Sandoval immediately checked that he could insert his fingertip between Lewis's wrist and the cuff and then loosened the handcuffs within ten minutes of Lewis's request. Under these circumstances, the handcuffing was reasonable and Sandoval was entitled to qualified immunity. Absent any constitutional violation, the Village of Los Lunas was entitled to summary judgment on the municipal liability claims as well.

### *Conclusion*

The judgment of the district court is AFFIRMED.[1]

Entered for the Court

David M. Ebel
Circuit Judge

---

[1] To the extent Lewis challenges the denial of his motion to strike, we do not consider arguments raised for the first time in a reply brief. *Wheeler v. Comm'r*, 521 F.3d 1289, 1291 (10th Cir. 2008).